JUDGE BAER

07 CIV 9312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NANYUAN SHIPPING CO. LIMITED, :
:
               Plaintiff, :    07 Civ. _____
:
- against - :    ECF CASE
:
PINGXIANG IRON & STEEL CO. LTD., :
:
               Defendant. :
------------------------------------------------------------X

OCT 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

      Plaintiff, NANYUAN SHIPPING CO. LIMITED, ("Nanyuan" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, PINGXIANG IRON & STEEL CO. LTD. ("Defendant") alleges, upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

      2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Hong Kong.

      3.     Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in the People's Republic of China.

      4.     At all material times, Plaintiff was the disponent Owner of the motor vessel "WORADA NAREE" (hereinafter the "Vessel").

5. Plaintiff chartered the Vessel from non-party, Sunwoo Merchant Marine of Korea ("Sunwoo"), which in turn previously chartered it from non-party, Tiger International Line Pte. Ltd. of China ("Tiger").

6. Tiger in turn previously chartered the Vessel from non-party, Precious Pearls Ltd. ("Precious Pearls").

7. All of the charter parties referenced above (Precious Pearls-Tiger, Tiger-Sunwoo, and Sunwoo-Nanyang) were essentially on "back-to-back," *i.e.* identical terms.

8. By a charter party dated May 11, 2007, Plaintiff, as disponent Owner, chartered the Vessel to Defendant for the carriage of a cargo of steel products (the "cargo").

9. During the course of the charter, disputes arose between the parties stemming from damage allegedly caused to the cargo.

10. Various allegations were raised by the cargo receivers with regard to the alleged damaged condition of the cargo.

11. The cargo receivers then proceeded to bring a claim for cargo damage in the amount of $6,457,785.00 against the Owners of the Vessel, non-party, Precious Pearls.

12. Despite the fact that pursuant to the terms of the charter party Defendant is wholly or substantially liable for the alleged cargo damage, the receivers elected to assert their claims in the first instance against the Vessel and Precious Pearls as owner of the Vessel, as is its right.

13. Precious Pearls then proceeded to bring an indemnity claim against charterers, Tiger and Sunwoo, for the claim asserted against it by the cargo receivers.

14. Despite due demand, Tiger and Sunwoo failed to secure Precious Pearls for its indemnity claim.

15.     In order to obtain security for its claim, Precious Pearls commenced an action against Tiger and Sunwoo in this Court under docket number 07 Civ. 8325, praying for the issuance an ex-parte order for process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

16.     The Court issued an Ex-Parte Order and Process of Maritime Attachment and Garnishment was subsequently issued by the Court directing the various garnishees listed therein to restrain the property of Tiger and Sunwoo found within the District in the amount of $8,500,000.00

17.     Pursuant to service of the Ex-Parte Order and Process, property of Tiger and/or Sunwoo was restrained within the District in the amount of $8,500,000.00 as security for the claim for which Defendant is liable under the charter party.

18.     Tiger and Sunwoo have now raised an indemnity claim against Plaintiff, Nanyuan, and made a formal demand for security in the amount of $10,000,000.00.

19.     Reserving all of its rights, Plaintiff will have to provide security to Tiger and/or Sunwoo in the amount of $10,000,000.00 as security for their indemnity claim(s), for which Defendant is liable under the charter party, in order to avoid the arrest and/or attachment of its assets or further action by Tiger and Sunwoo.

20.     Plaintiff is entitled to indemnity from Defendant in respect of the claims/damages asserted against it by Tiger and Sunwoo, for which the Defendant is wholly or substantially liable under the provisions of the charter party. *See Fixture Note annexed hereto as Exhibit "1."*

21.     As a result of the alleged damage to the cargo for which Defendant is wholly or substantially liable under the charter party, Plaintiff has and will suffer substantial damages in the form of the claims and demands made upon it by Tiger and Sunwoo.

22. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

23. Plaintiff is preparing to commence arbitration proceedings against the Defendant on its claims.

24. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---:|
| A. | Principal claim: | $10,000,000.00 |
| B. | Estimated interest claim:<br>7% interest, compounded quarterly and running for<br>three years (estimated date of recovery): | $2,499,708.16 |
| C. | Estimated attorneys' fees and expenses and arbitration costs<br>to be recovered in arbitration between Plaintiff<br>and Defendant: | $ 2,000,000.00 |

**Total**  $14,499,708.16

25. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

26. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by

the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$14,499,708.16** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiff its attorney's fees and costs of this action; and

G.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: October 17, 2007
       Southport, CT

>    The Plaintiff,
>    NANYUAN SHIPPING CO. LIMITED
>
>    By: _____
>    Nancy R. Peterson (NP 2871)
>    Patrick F. Lennon (PL 2162)
>    LENNON, MURPHY & LENNON, LLC
>    420 Lexington Ave., Suite 300
>    New York, NY 10170
>    (212) 490-6050 – phone
>    (212) 490-6070 – fax
>    nrp@lenmur.com
>    pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut   )
                       )   ss.:   Town of Southport
County of Fairfield    )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 17, 2007
         Southport, CT

                                          _____
                                          Nancy R. Peterson

EXHIBIT "1"

Case 1:07-cv-09312-HB    Document 1    Filed 10/17/2007    Page 8 of 9

# FIXTURE NOTE

Date:2007-5-11
No: 07007

OWNER:NANYUAN SHIPPING CO LIMITED
CHARTER:PINGXIANG IRON & STEEL CO.,LTD
M/V:"ORADA NARBE"
Flg Thai blt 1983 dwt 25424mt/10,229m sew loa/bm 150.5/25.2m gt/nt15269/9023 40x/h gr/ba32637/31185cbm crnes 3x 25mt +drrk 1x25mt ada wog.

1: PART CGO ALLOWED.
2: CGO:20000MT de-bar in bundle abt 2mt/bundle length12m +2500mt de-bar in coils abt 2mt/each ,5%+/- moloco
3: L/D PORT: 1sbp changshu/1sbp Jeddah(1/2 BERTH(S) AT OWNER'S OPTION)
4: LAYCAN: 13th—18th/may 2007.
5: FRT: USD 53 pmt   FILOS bss 1/1
6: L/D RATE:   CQD BENDS
7: FREIGHT PAYMENT: FULL FREIGHT TO BE PAID TO OWNERS NOMINATED BANK ACCT WITHIN 3 BANKING DAYS AFTER COMPLETION OF LOADING AND SIGNING/RELEASING B/L TO SHIPPER WCH MARKED "FREIGHT PAYABLE AS PER C/P" & BUT ALWAYS BBB;  IN CASE "FREIGHT PREPAID" B/SL REQUESTED, SAME TO BE RELEASED ONLY AFTER FULL FRT BE PAID TO OWNER'S ACCT EVIDENCED BY VALID BANK SLIP N/O OWNER'S BANK CNFM FULL FRT MUST BE PAID BY CHTRS NON-RETURNABLE AND NON-DISCOUNTABLE, WHETHER CGO A/O VSL LOST OR NOT LOST.
8: OWNERS AGENT BENDS
9: DETENTION USD 22000.0   PDPR IF CARGO / DOC UNREADY UPON VSL'S ARVL BENDS. DETENTION IF ANY AT L/PORT TB SETTLED TOGETHER WZ O/FRT, AND SAME AT D/PORT TB SETTLED W/I 10DAYS A/COD N/O OWNER PROVISION OF SUPPORTING DOCS.
10: L/S/D AND SEPARATION IF ANY TB ON CHTR'S ACCT AND ARNGMENT/BUT CNFMD BY MASTER
11: SHORE CRANE OR FLOATING CRANE IF ANY PLUS FORKLIFT IF ANY AT LOADING PORT TB ON CHTR'S ARNGMENT/ACCT, ANY DELAY THEREBY TB ON CHTRS ACCT WITH RATE AS DETENTION. SAME ON DISCH PORT ON OWNER'S A/C.
12: MASTER TENDER THE NOR BY TLX/FAX/CBL UPON VSL'S ARVL WWWW
13: TAX/DUES ON CGO TB CHTR'S ACCT N/O SAME ON VSL/FRT TB ON OWNER'S ACCT
14: CONGEN BILLS OR OWNER'S BILLS FORM TB USED
15: ALL CARGO LOADING UNDER DECK.
16: THE ENTIRE CGO SHOULD BE RELEASED AGAINST THE ORI B/L, IF THE ORIG B/L NOT ARRIVE ON TIME, OWNER AGREE THE CGO DISCH/RELEASE AGAINST FIRST CLASS BANK L/G.
17: OAP IF ANY TB FOR CHTRS ACCT
18: ABR IF ANY IN HKG NO ENGLISH LAW TB APPLIED
19: G/A IF ANY TB ADJUSTED AS PER YORK-ANTWERP RULES 1974 IN BEIJING
20: OTHER AS PER GENCON C/P 1994
21: ENDS

OWNERS
For and on behalf of
NANYUAN SHIPPING CO., LIMITED
Authorized Signature(s)